1

2

3

4               NOTE: CHANGES MADE BY THE COURT

5

6

7

8

9                   UNITED STATES DISTRICT COURT

10              FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,              No. 20-CV-9701-FLA-JPR
11
            PLAINTIFF,                 PROTECTIVE ORDER REGARDING
12                                     DISCOVERY CONTAINING PERSONAL
            v.                         IDENTIFYING INFORMATION
13
$246,000 SEIZED FROM SIGNATURE
14 BANK ACCOUNT '5022, ET AL.,

15          DEFENDANT.

16

17

18      The Court has read and considered the parties' Stipulation for

19  a Protective Order Regarding Discovery Containing Personal

20  Identifying Information, filed by the government and claimant Avi &

21  Co. ("claimant") in this matter on April 27, 2021, which this Court

22  incorporates by reference into this order, and FOR GOOD CAUSE SHOWN

23  the Court hereby FINDS AND ORDERS as follows:

24      1.    A protective order for the discovery is necessary so that

25  the government can produce to the claimant materials containing

26  third parties' PII.  The Court finds that disclosure of this

27  information without limitation risks the privacy and security of the

28  information's legitimate owners.  Because the government has an

ongoing obligation to protect third parties' PII, the government cannot produce to claimant an unredacted set of discovery containing this information without this Court entering the Protective Order.

2. The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide claimant's counsel with sufficient information to adequately represent claimant.

3. Accordingly, the discovery that the government will provide to claimant's counsel in the above-captioned case will be subject to this Protective Order, as follows:

a. As used herein, "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, financial and other account numbers, email address, or other personal identification numbers or information.

b. "Confidential Information" refers to any document or information containing PII Materials that the government produces to the claimant pursuant to this Protective Order and any copies thereof.

c. "Claimant Team" includes (1) the claimant's counsel of record ("claimant counsel"); (2) other attorneys at claimant counsel's law firm who may be consulted regarding case strategy in this case; (3) investigators who are assisting claimant counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to claimant counsel who are providing assistance on this case. The

Claimant Team does not include claimant, claimant's employees or family members, or any other associates of claimant.

d.    The government is authorized to provide claimant counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

e.    If claimant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding claimant's objection, claimant may apply to this Court to have the designation removed, in full compliance with Local Rule 37.

f.    Claimant and the Claimant Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and post-trial proceedings in this case, as well as any appellate proceedings.

g.    The Claimant Team shall not permit anyone other than the Claimant Team to have possession of Confidential Information, including claimant, while outside the presence of the Claimant Team.

h.    Claimant may review PII Materials only in the presence of a member of the Claimant Team, who shall ensure that claimant is never left alone with any PII Materials.  At the conclusion of any meeting with claimant at which claimant is permitted to view PII Materials, claimant must return any PII Materials to the Claimant Team, and the member of the Claimant Team

present shall take all such materials with him or her.  Claimant may not take any PII Materials out of the room in which claimant is meeting with the Claimant Team.

i.   Claimant may see and review Confidential Information as permitted by this Protective Order, but claimant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Claimant also may not write down or memorialize any data or information contained in the Confidential Information.

j.   The Claimant Team may review Confidential Information with a witness or potential witness in this case, including claimant. A member of the Claimant Team must be present if PII Materials are being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Claimant Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

k.   The Claimant Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Claimant Team, claimant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Claimant Team, claimant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not

permitting Confidential Information to be outside the Claimant Team's offices, homes, vehicles, or personal presence.

l.   To the extent that claimant, the Claimant Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Claimant Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

m.   The Claimant Team shall use Confidential Information only for the litigation of this matter and for no other purpose.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any PII Materials and make all reasonable attempts to limit the divulging of PII Materials.

n.   Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of this Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government

1  shall reproduce the material with the correct designation and notify

2  claimant counsel of the error.  The Claimant Team shall take

3  immediate steps to destroy the unmarked material, including any

4  copies.

5          o.    Confidential Information shall not be used by the

6  claimant or Claimant Team in any other matter in any way absent an

7  order by this Court.  All materials designated subject to the

8  Protective Order maintained in the Claimant Team's files shall

9  remain subject to the Protective Order unless and until such order

10 is modified by this Court.  Upon request by the government claimant

11 counsel shall return all PII Materials, certify that such materials

12 have been destroyed, or certify that such materials are being kept

13 pursuant to the California Business and Professions Code and the

14 California Rules of Professional Conduct.

15         p.    In the event that there is a substitution of counsel

16 prior to when such documents must be returned, new claimant counsel

17 must be informed of, and agree in writing to be bound by, the

18 requirements of the Protective Order before claimant counsel

19 transfers any Confidential Information to the new counsel.  New

20 counsel's written agreement to be bound by the terms of the

21 Protective Order must be returned to the Assistant U.S. Attorney

22 assigned to the case.  New claimant counsel then will become the

23 Claimant Team's custodian of materials designated subject to the

24 Protective Order and shall then become responsible, upon the

25 conclusion of appellate proceedings, for returning to the

26 government, certifying the destruction of, or retaining pursuant to

27 the California Business and Professions Code and the California

28 Rules of Professional Conduct all PII Materials.

q.   Claimant counsel shall advise claimant and all members of the Claimant Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing claimant and members of the Claimant Team with access to any materials subject to the Protective Order.


IT IS SO ORDERED.

April 29, 2021
DATE

HON. JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE


Presented by:

/s/
DAN G. BOYLE
Assistant United States Attorney

7